**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT MILLER,

Plaintiff, Case No. 1:25-cv-583

vs. McFarland, J.
Bowman, M.J.

CAPITAL ONE BANK, N.A.

Defendant.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant Capital One's motion to dismiss Plaintiff's complaint pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and the parties responsive memoranda. (Docs. 8, 9, 10, 13). For the reasons explained below, the undersigned finds that Defendant's motion is well-taken.

**I. Background**

Plaintiff alleges that in May 2025 he requested a credit-line increase on his Capital One credit-card account ending in 2589. (Doc. 3, ¶ 8). Capital One denied the request by letter dated May 30, 2025. Id. at ¶ 9. The denial letter informed Plaintiff that his account was "not eligible right now" and listed four reasons: "This Capital One account was recently past due," "Recent use of this account's existing credit line has been too high," "Recent payments on this account have been too low," and "Insufficient revolving account experience." (Doc. 8, Ex. 1).

The letter also stated that additional information about the decision appeared on a separate page. (Doc. 3, ¶ 9, 11; Ex. A). That additional page included FAQs and

generalized explanations of several common reasons for denial of a credit-line increase, including statements that Capital One generally does not approve such requests on accounts with a missed or late payment in the last 12 months and that paying substantially more than the minimum payment for three months may permit a customer to reapply. Id. Another page included Fair Credit Reporting Act and Equal Credit Opportunity Act disclosures. Id. Plaintiff alleges that the stated reasons were vague, generic, and insufficiently specific to identify the actual principal reasons for the adverse action.

Plaintiff further alleges that on June 2, 2025, he sent Capital One a certified written request for a more specific written explanation, and that Capital One responded on June 9, 2025 by instructing him only to "please give us a call," rather than providing additional written reasons. (Doc. 3, ¶ 11, Ex. 1). Plaintiff did not call Capital One.

Based on those allegations, Plaintiff asserts a single claim against Capital One, alleging that it violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), by failing to provide "specific and accurate reasons for the denial of credit." Complaint ¶ 40. Plaintiff seeks "actual damages" for "emotional distress, mental anguish, frustration, and loss of time," along with "punitive damages for Defendant's willful noncompliance with [ECOA]." Complaint ¶ 43.

Defendant Capital One now moves to dismiss Plaintiff's complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis*

*v. ACB Business Servs., 135 F.3d 389*, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations*. Id.* A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Id.* at 406. “While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the ‘grounds’ of his ‘entitlement to relief’ requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore “must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).” *Id.* (citations omitted).

**III. Analysis**

*A. Applicable Law*

The ECOA exists to prevent discrimination by creditors against certain classes of credit applicants. *See Mays v. Buckeye Rural Elec. Coop*., 277 F.3d 873, 876 (6th Cir. 2002); 15 U.S.C. § 1691. As part of its scheme to create accountability for creditors' decisions, the ECOA imposes certain notice obligations on creditors when they take “adverse action” against a credit applicant, which is typically a denial of credit. See id. § 1691(d)(6) (defining “adverse action” as, inter alia, “a denial or revocation of credit”); id. § 1691(d)(2) (general notice requirements). The ECOA also requires a creditor to notify an applicant of its action on the application within thirty days, and if “adverse action” is

taken with respect to an application, the creditor must provide a “statement of reasons for such action.” 15 U.S.C. § 1621(d).

In order to proceed with his ECOA claim, Plaintiff must have pleaded facts establishing a plausible claim as to all of the following: (i) Defendant is a creditor, requiring it to comply with the ECOA; (ii) Plaintiff is a credit applicant, entitling him to the protections of the ECOA; (iii) Defendant’s refusal to proceed with Plaintiff’s application constituted an “adverse action” with respect to Plaintiff’s credit application; and (iv) Defendant failed to provide Plaintiff with an ECOA-compliant notice of its adverse action. *Dorton v. Kmart Corp*., 229 F. Supp. 3d 612, 621 (E.D. Mich. 2017); citing *Madrigal v. Kline Oldsmobile, Inc*., 423 F.3d 819, 822 (8th Cir. 2005).

*B. Capital One’s motion is well-taken*

Defendant contends that dismissal is warranted because it provided Plaintiff with a sufficient statement of reasons for its adverse action, and as such, Plaintiff cannot satisfy the fourth element in order to state a claim under ECOA. Defendant further contends that the ECOA does not impose an obligation that Capital One provide a second additional statement of reasons for its adverse action. The undersigned agrees.

As noted above, the May 25 letter states in relevant part:

> Unfortunately, your account isn’t eligible right now. We know this isn’t the answer you were hoping for and we want to help you understand why:
>
> • This Capital One account was recently past due
> • Recent use of this account’s existing credit line has been too high
> • Recent payments on this account have been too low
> • Insufficient revolving account experience

Id. The Denial Letter also encloses "some additional information on a separate page" that includes "FAQs, common reasons that requests for credit line increases are declined, and useful suggestions on what [Plaintiff] can do next," and refers Plaintiff to Capital One's website for additional information. Id.

The undersigned finds that the letter provided a compliant statement of specific reasons as a matter of law. The letter identified concrete, account-specific factors: recent delinquency, high use of the existing credit line, low recent payments, and insufficient revolving account experience. The accompanying page supplied additional explanatory context. Taken together, those disclosures identified the principal reasons for the denial in compliance with ECOA.

It is well established that the ECOA "does not require a creditor to provide much detail about the reasons underlying an adverse action." *Copple v. S. Bank of Tennessee*, No. 3:22-CV-00692, 2023 WL 2531728, at *4 (M.D. Tenn. Mar. 15, 2023). Moreover, "the statement of reasons need not be personally detailed or lengthy." *Williams v. Cap. One Bank, N.A.,* 2025 WL 843285, at *6 (D.D.C. Mar. 18, 2025).

As noted by Defendant, courts across the country routinely dismiss ECOA claims, similar to Plaintiff's based on the allegation that the reasons provided for an adverse action are not sufficiently specific. S*ee Barat v. Navy Fed. Credit Union*, 127 F. 4th 833, 837 (11th Cir. 2025) (finding that credit union's boilerplate language, "Poor credit performance with Navy Federal," provided an adequate reason for the denial of loans); *Williams v. Capital One Bank, N.A*., 2025 WL 843285, at *6 (D.D.C. Mar. 18, 2025) (finding that defendant's reason for closing plaintiff's account "because activity on [the] . . . account [was] not consistent with [defendant's] expectations for account usage and

violate[d] the [ ] Customer Agreement" was sufficient); *King v. Police & Fire Fed. Credit Union*, 2019 WL 2226049, at *5-6 (E.D. Pa. May 22, 2019) (finding "limited credit history" and the "length of time accounts have been established" sufficient*); Wigod v. PNC Bank, N.A.*, 338 F. Supp. 3d 758, 766-67 (N.D. Ill. 2018) (finding that "[i]ncome insufficient to support credit obligations" was ECOA-compliant); *Aikens v. Nw. Dodge, Inc.*, 2006 WL 59408, at *3-4 (N.D. Ill. Jan. 5, 2006) (finding "excessive credit obligations and credit file" sufficient);

Defendant further contends that even though ECOA's implementing regulations provide that it would have been sufficient for Capital One to simply list Plaintiff's "poor credit performance with [Capital One]" as a reason for the adverse action, it went even further and provided more information and explained the what the "credit performance" issues were: Plaintiff's "Capital One account was recently past due"; "Recent use of [Plaintiff's] account's existing credit line has been too high"; and "Recent payments on [Plaintiff's] account have been too low." (Doc. 3 ¶¶ 9, 11, Ex. 1.) See also 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. The undesigned agrees that the reasons outlined in the letter satisfy the ECOA.

Next, Plaintiff's contention that Capital One violated ECOA by failing to provide additional written reasons after he asked for a more detailed explanation, also fails as matter of law. Namely, Section 1691(d)(2) sets out alternative means of compliance, and states in relevant part:

> (1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; ***or***
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

15 U.S.C.A. § 1691(d)(emphasis added).

Here, because Capital One already provided written reasons in the original denial letter, ECOA did not require Defendant to issue a second written statement in response to Plaintiff's later request. Accordingly, Defendant's June 9, 2025 response asking Plaintiff to call did not state an independent ECOA violation.

In light of the foregoing, the undesigned findings that Plaintiff fails to state a claim upon which relief may be granted.

**IV. Conclusion**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 8) is well-taken and should be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court**.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT MILLER,

Plaintiff,

vs.

CAPITOL ONE BANK, N.A.

Defendant.

Case No. 1:25-cv-583

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).